tion should not have omitted this element. In view of the fact that the appellee's case rested very largely upon his own testimony and that more witnesses testified for appellant than for himself, this instruction might have misled the jury on this point.''

In this case appellee's case rested entirely on his own testimony and against him was the testimony of four witnesses.

We think that the giving of the instruction in question in this case was reversible error, and for that error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

**Bertha Voegeli, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 18,824. (Not to be reported in full.)**

Appeal from the Superior Court of Cook County; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

### Statement of the Case.

Action by Bertha Voegeli against Chicago City Railway Company to recover for personal injuries. Plaintiff claimed that the car on which she was a passenger stopped and most of the passengers got off; that she heard the conductor say: ''This is as far as we go;'' that she then got up, saying: ''Then I have got to get off,'' walked onto the front platform, took hold of the support or handle with her right hand, stepped down on the step, and as she was about to step to the ground the car suddenly started with such violence as to throw her to the ground, breaking the neck of her left femur. From a judgment in favor of plaintiff for two thousand five hundred dollars, defendant appeals.

JAMES G. CONDON and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

RICHARD J. FINN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

CARRIERS, § 476*—*when evidence sufficient in action for injuries to passenger.* In an action for personal injuries claimed to have been caused by the sudden starting of the car on which plaintiff was a passenger, as she was in the act of alighting, the evidence was *held* sufficient to sustain a verdict for plaintiff.

---

## John Heinz, Appellee, v. Knisely Brothers, Appellant.
### Gen. No. 18,838.

1. MASTER AND SERVANT, § 125*—*duty as to safe appliances.* The master is bound to use reasonable and ordinary care and diligence in providing reasonably safe and sufficient means and appliances for the use of his servants.

2. MASTER AND SERVANT, § 161*—*duty of master to inspect.* The master's duty to use reasonable care in providing safe appliances for the servant's use is a continuing one, requiring him to use the same care to see that the appliances are kept in good condition while in use, and to that end to exercise reasonable care in supervision and inspection.

3. MASTER AND SERVANT, § 166*—*when master bound to know of defects in appliances.* The master cannot avoid responsibility by merely showing that he did not know of a defect in the appliances furnished, since it was his duty to know if it could be discovered by reasonable care and diligence.

4. MASTER AND SERVANT, § 211*—*when master liable for negligence of coemploye.* The master is liable for the negligence of a servant to whom he delegated the duty of furnishing or inspecting appliances and instrumentalities through which he carries on his business.